United States District Court
Southern District of Texas
**ENTERED**
December 16, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| RICARDO OCHOA, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | **Civil Action No. 1:15-13** |
| | § | **Criminal No. 1:13-535-4** |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

<u>**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**</u>

On January 26, 2015, Petitioner Ricardo Ochoa ("Ochoa") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

On March 27, 2015, the United States timely filed a motion seeking specific performance of the waiver provision in Ochoa's plea agreement or, in the alternative, summary judgment denying Ochoa's request for relief. Dkt. No. 11.

After reviewing the record and the relevant case law, the Court recommends that Ochoa's motion be dismissed, because – in his plea agreement – Ochoa waived the right to file the instant motion.  In the alternative, the Government's motion for summary judgment should be granted, because Ochoa's claims are legally and substantively meritless.

**I. Procedural and Factual Background**

On July 2, 2013, a federal grand jury – sitting in Brownsville, Texas, – returned a two count indictment against Ochoa and three co-defendants charging them with: (1) conspiracy to possess with intent to distribute a quantity of more than 1000 kilograms of marihuana; and (2) possession with intent to distribute more than 1000 kilograms of marihuana, in violation of 21 U.S.C. §§ 841and 846 and 18 U.S.C. § 2. <u>U.S. v. Ochoa</u>, Criminal No. 1:13-535-4, Dkt. No. 26 (hereinafter "CR").

**A. Rearraignment & Waiver of Appellate Rights**

On August 27, 2013, Ochoa appeared before the District Judge and entered a guilty plea to conspiracy to possess with intent to distribute more than 1000 kilograms of

marihuana. CR Dkt. No. 185.  His guilty plea was pursuant to a written plea agreement. CR Dkt. No. 106.

Ochoa's written plea agreement indicates that he knowingly and voluntarily waived his appellate rights. CR Dkt. No. 106, ¶ 11.

Paragraph 11 of the plea agreement provides:

> Defendant is aware that Title 18, United States Code, § 3742, affords a defendant the right to appeal the sentence imposed.  The defendant knowingly and voluntarily agrees to waive the right to appeal the conviction and the sentence imposed or the manner in which the sentence was determined. Additionally, the defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant knowingly and voluntarily waives the right to contest his conviction or sentence by means of any post-conviction proceeding.

CR Dkt. No. 106, ¶ 11.

During the plea colloquy, the District Judge established that Ochoa understood he was waiving his appellate rights.

> [Court]:  All right. Do you understand there are times and circumstances when you can appeal any sentence I may impose against you? Do you understand that?
>
> [Ochoa]: Yes, sir.
>
> [Court]: In paragraph 11 of your agreement with the government, you've agreed to waive or give up the right to appeal the conviction and the sentence imposed or the manner on which it was determined, and you've also agreed to waive or give up the right to attack the conviction after it becomes final by any means, including those under Title 28, United States Code, Section 2255.
>
> Do you understand you're giving up those appellate rights in your agreement with the government?
>
> [Ochoa]: Can I ask a question?
>
> [Court]: Yeah. Or you can -- y'all can whisper.
>
> (Discussion off the record.)
>
> [Court]: Okay. Mr. Ochoa, do you understand you're giving up those appellate rights?
>
> [Ochoa]: Yes, sir.

CR Dkt. No. 185, pp. 12-13.

The Court established that Ochoa had never needed treatment for any kind of

2

substance abuse problem; was not under the influence of any medications or drugs; had discussed the charges with his attorney; was able to assist in his own defense; and was satisfied with his attorney's representation. CR Dkt. No. 185, pp. 4-11. Ochoa informed the Court that he had not been forced to plead guilty and acknowledged that the plea agreement had been explained to him. Id. The Court further informed Ochoa that the Court did not have to follow any recommendation within the plea agreement; and that the Court could sentence Ochoa to something more than Ochoa might anticipate. Id. Ochoa stated that he had been informed of the maximum sentence that he faced; and the impact of the sentencing guidelines in his case. Id. The Court further explained that as a result of pleading guilty, Ochoa gave up: the right to confront and cross-examine adverse witnesses; the right to call witnesses on his own behalf; the right to subpoena witnesses to make them testify; and gave up his right to choose whether he would testify. Id. Ochoa confirmed that he understood the implications of giving up his right to trial as a result of pleading guilty. Id. Having stated that he understood all of his rights, Ochoa entered a plea of guilty to the charge of conspiracy to possess with the intent to distribute more than 1000 kilograms of marihuana. Id.

### B. Sentencing & Direct Appeal

In the final presentence report ("PSR"), Ochoa was assessed a base offense level of 34, as a result of being held accountable for 4,003.21 kilograms of marihuana. CR Dkt. No. 135, pp. 22-23. Ochoa was given a three-level reduction for acceptance of responsibility. Id. Accordingly, his total offense level was 31. Id.

Regarding his criminal history, Ochoa had eight prior adult criminal convictions and was assessed 11 criminal history points. CR Dkt. No. 135, pp. 24-29. In two of those convictions – a 2011 conviction for driving while intoxicated and a 2011 conviction for aggravated assault – Ochoa pled guilty and was sentenced on the same day in front of the same judge and received concurrent sentences. Id. Notwithstanding the concurrent sentences, those two cases involved two separate arrests on different days. Id.

Ochoa was assessed an additional two points because he was on parole – for his two concurrent 2011 state sentences – at the time that he committed the instant offense. Id. With

3

13 total criminal history points, he was placed in a criminal history category of VI. Id.  Based upon Ochoa's offense level of 34 and criminal history category of VI, the PSR identified a guideline sentencing range of 188 to 235 months of imprisonment. Id., p. 34.

On December 16, 2013, Ochoa, through his counsel, timely filed objections to the PSR. CR Dkt. No. 156.  Ochoa asserted that his criminal history score was incorrectly calculated, because it doubled-counted two state convictions that he pled guilty to "on the [same] date before the same judge and the sentence was handed [down] on the same day," with the sentences to run concurrently. Id.  Ochoa asserted that he should have received a total of three criminal history points for the two convictions, rather than three criminal history points for each conviction. Id.

Ochoa also objected to the calculation of the relevant conduct for the base offense level. CR Dkt. No. 156.  Ochoa asserted that the calculation was based primarily on the testimony of a co-defendant and that there was "no reliable independent evidence . . . gathered, as to police reports, investigative reports, photographs, witness's statements" verifying the co-defendant's statements. Id.  Ochoa also objected to the use of information, that he provided as part of a proffer agreement, to establish his relevant conduct; including any testimony of prior drug activity. Id.

Ochoa also sought a downward sentencing departure, arguing that the guideline sentencing range "overemphasized and greatly inflated" his criminal history and future dangerousness. CR Dkt. No. 156.

On January 24, 2014, the District Court held the sentencing hearing. CR Dkt. No. 187. At that hearing, the District Court overruled Ochoa's objection that he should have only received three criminal history points for his concurrent state convictions. Id., pp. 5-6.

The Court then considered Ochoa's objection about the calculation of his relevant conduct. CR Dkt. No. 187.  After hearing argument from Ochoa and the Government, the Court noted that – even if it did not consider any of the information that may have originated from Ochoa's testimony pursuant to a proffer – there was sufficient evidence to show that

Ochoa's relevant conduct encompassed at least 3,000 kilograms of marihuana. Id.[1] Accordingly, the Court overruled the objection.

The Court also overruled Ochoa's objection that sought a downward sentencing departure. CR Dkt. No. 187, p. 27.

The Government filed a motion seeking a downward sentencing departure of up to one-third off his sentence, based upon substantial assistance. CR Dkt. No. 162. That motion was granted at the sentencing hearing. CR Dkt. No. 187, p. 22. Ochoa's revised guideline range was 125 to 157 months. Id.

The District Court sentenced Ochoa to 125 months of imprisonment, three years of supervised release, and a $100 special assessment fee. CR Dkt. No. 187, pp. 28-30. The judgment was entered on January 28, 2014. CR Dkt. No. 169.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal. A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Ochoa's deadline for filing a notice of direct appeal passed on February 11, 2014. Id.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On January 26, 2015, Ochoa timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his motion, Ochoa asserts that his attorney was ineffective for: (1) failing to file a requested notice of direct appeal; (2) for not objecting to the relevant conduct calculations, especially the use of information that Ochoa gave during his proffer sessions; (3) failing to object to the two-level enhancement assessed for being on parole at the time that the instant offense was committed; (4) failing to object to the criminal history calculation, specifically that both of his concurrent sentences each were assessed three criminal history points; and (5) failing to seek to have evidence of his cooperation excised from the PSR, because such statements have put him in danger. Dkt. Nos. 1, 2.

---

[1] A base offense level of 34, which is what Ochoa was assessed in the PSR, requires a showing that the defendant was responsible for 3,000 kilograms or more, but less than 10,000 kilograms of marihuana. U.S.S.G. § 2D1.1(c).

On March 27, 2015, the Government filed a motion for summary judgment, seeking specific performance of the waiver of appellate rights found in the plea agreement. Dkt. No. 11.  Alternatively, the Government asserted that Ochoa's claims were meritless and should be denied. Id.

On March 29, 2016, the Court ordered Ochoa's counsel to file an affidavit, responding to the claim that he had failed to file a requested notice of appeal on Ochoa's behalf. Dkt. No. 14.

On April 14, 2016, Ochoa's counsel – Jose Raul Hernandez – filed the affidavit. Dkt. No. 18.  Hernandez denied Ochoa's claim, asserting that he had visited Ochoa in prison after he was sentenced; advised him of any possible appealable issues; and that Ochoa decided not to pursue an appeal. Id.  Hernandez included a signed statement from Ochoa, dated January 24, 2014, which stated, "I understand my sentence of 125 months and I do not wish to appeal." Dkt. No. 18.

## II. Applicable Law

### A. Section 2255

Ochoa seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1.  That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).  A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

## B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>U.S. v. Grammas</u>, 376 F.3d 433, 436 (5th Cir. 2004).   To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. <u>Id</u>.   To prove that counsel's performance was deficient, petitioner must show that "it fell below an objective standard of reasonableness." <u>U.S. v. Juarez</u>, 672 F.3d 381, 385 (5th Cir. 2012).   Courts will not "audit decisions that are within the bounds of professional prudence." <u>U.S. v. Molina-Uribe</u>, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694.   Once a petitioner fails to prove one prong of the <u>Strickland</u> test, it is unnecessary to analyze the other one. <u>Armstead v. Scott</u>, 37 F.3d 202, 210 (5th Cir. 1994).

There are, however, instances in which an attorney's deficient performance can be <u>per se</u> prejudicial.   One of those is where a defendant informs his attorney that he wishes to file an appeal and the attorney fails to do so.   In such cases, the attorney's performance is <u>per se</u> prejudicial. <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 483-85 (2000).   The remedy for such a failing is to permit the defendant to file an out of time appeal. <u>U.S. v. West</u>, 240 F.3d 456, 460 (5th Cir. 2001).

In such cases, the question is whether the defendant in fact instructed his attorney to file the appeal. <u>Flores-Ortega</u>, 527 U.S. at 483-85.   Resolution of this question can be based upon any affidavits that have been filed as well as the evidence in the record. <u>U.S. v. Pena-Garavito</u>, 539 Fed. App'x. 506, 507 (5th Cir. 2013).   The Court may not, however, resolve the issue based <u>solely</u> on the affidavits, unless the affidavits are supported by other evidence in the record. <u>Id</u>, citing <u>U.S. v. Hughes</u>, 635 F.2d 449, 451 (5th Cir. 1981).

A claim of ineffective assistance of counsel is properly made under § 2255, because it raises an issue of constitutional magnitude that cannot – as a general rule – be resolved on direct appeal. <u>U.S. v. Bass</u>, 310 F.3d 321, 325 (5th Cir. 2002).

7

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Ochoa's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even applying this standard, neither the record – nor the law – support Ochoa's claim.

### A. Waiver of Appellate Rights

Ochoa waived his right to appeal or collaterally attack his sentence when he entered into the plea agreement with the United States.  That waiver bars reliefs under 28 U.S.C. § 2255. U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).  The Government has sought specific performance of this provision of the plea agreement. Dkt. No. 11, p. 12.  This waiver provision supports dismissal of this petition. U.S. v. Del Toro-Alejandre, 489 F.3d 721, 723-24 (5th Cir. 2007).

"A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." U.S. v. Rodriguez-Estrada, 741 F.3d 648, 650 (5th Cir. 2014).  In order for the waiver to be knowing and voluntary, "a defendant must know that he had a right to appeal his sentence, and that he was giving up that right." U.S. v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).

The record clearly indicates that Ochoa knowingly and voluntarily waived his appellate rights.  Ochoa's plea agreement expressly states that he was aware of his right to directly appeal his sentence pursuant to 18 U.S.C. § 3742, and his right to collaterally attack his conviction and sentence, pursuant to 28 U.S.C. § 2255. CR Dkt. No. 106.  That same paragraph also indicates that Ochoa agreed to waive those rights.  The plea colloquy at the

rearraignment hearing also establishes that Ochoa understood that he was waiving his appellate rights. CR Dkt. No. 185.

Ochoa has not provided any evidence to indicate that he was unaware of or misunderstood any of the terms of his plea agreement; or evidence to indicate that he pled guilty involuntarily.  Consequently, the record establishes, without a doubt, that Ochoa's waiver was knowingly and voluntarily made.

Moreover, Ochoa's waiver clearly applies to this case.  Ochoa is attempting to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, an avenue expressly foreclosed by his plea agreement.  Therefore, the waiver should be enforced and the case should be dismissed based upon that waiver.

Even if Ochoa had not waived his right to collaterally attack his conviction and sentence,  his petition is meritless and should be denied.

### B. Request to File Direct Appeal

Ochoa alleges that he asked his attorney to file a notice of appeal and his attorney failed to do so. Dkt. Nos. 1, 2.  This claim is meritless.

Not only does Ochoa's attorney dispute that Ochoa ever requested to have a notice of appeal filed, but he has produced a waiver of appeal that Ochoa signed. Dkt. No. 18.  The waiver was dated January 24, 2014 – the same day as the sentencing hearing. Id.  Ochoa has pled no facts that contradict his signed statement.  Indeed, the only support Ochoa offers at all is his bald allegation that he instructed his attorney to file an appeal.

"A petition pursuant to 28 U.S.C. § 2255 is properly dismissed without an evidentiary hearing if the petitioner fails to allege 'detailed and specific' facts." U.S. v. Smith, 915 F.2d 959, 964 (5th Cir. 1990) (citing Davis v. Butler, 825 F.2d 892, 894 (5th Cir. 1987)). "Petitioner has only proffered unsubstantiated, conclusory allegations regarding his desire to pursue a direct appeal." U.S. v. Villarreal, 2005 WL 1745454, *2 n.1 (S.D. Tex. 2005). The only thing Ochoa offers in support of his claim is the type of assertion condemned in Villarreal.

On the other hand, there are several sources of evidence contradicting Ochoa's

unsubstantiated claim that he asked his lawyer to file a direct appeal.  First is the plea agreement, in which Ochoa waived his right to appeal and "may indicate that the defendant seeks an end to judicial proceedings." Flores-Ortega, 528 U.S. at 480.  Second, the affidavit filed by Ochoa's trial defense counsel, stating that Ochoa never communicated to him a desire to appeal, also indicates that Ochoa did not wish to appeal.

The most important evidence that Ochoa did not ask his attorney to appeal the conviction is the signed waiver of appeal. Dkt. No. 18.  The signed waiver is extrinsic evidence of Ochoa indicating to his attorney that he did not wish to file an appeal; this evidence is directly contradictory to Ochoa's habeas petition.  Accordingly, the Court can resolve this factual issue without holding an evidentiary hearing. Pena-Garavito, 539 Fed. App'x. at 506-507.

Given the conclusory nature of Ochoa's claim and the evidence weighing heavily against it, this claim should be dismissed as meritless.

### C. Relevant Conduct

Ochoa asserts that his counsel was ineffective for failing to object to the relevant conduct calculations, especially the use of information that Ochoa gave during his proffer sessions.  This claim is belied by the record and is meritless.

Ochoa's counsel did make that specific objection, both in his written objections to the PSR and orally at the sentencing hearing. CR Dkt. Nos. 156, 187.  At the sentencing hearing, Ochoa's counsel argued that the probation department relied on information that was given by Ochoa in his proffer meetings with the Government. CR Dkt. No. 187, p. 10.  Ochoa's counsel made the specific objection that Ochoa claims he was ineffective for not making. The judge overruled the objection, finding that there was sufficient evidence, outside of any information given during the proffer session, to impute the relevant conduct to Ochoa.

Thus, counsel made the objection and argument to the judge at sentencing and it was plainly rejected; this is not ineffective lawyering. Chandler v. U.S., 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc) ("Nor does the fact that a particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness.").  This claim should be denied.

### D. Criminal History

Ochoa makes two interrelated claims concerning his criminal history. He asserts that his attorney was ineffective for failing to object to the two-level enhancement assessed for being on parole at the time that the instant offense was committed and for failing to object to the criminal history calculation. As to the latter, Ochoa bases his claim on the fact that both of his concurrent sentences each were assessed three criminal history points and that his attorney failed to object to their consideration. These claims are also belied by the record and meritless.

Ochoa's counsel made these specific points in his written objections to the PSR and his oral objections at the sentencing hearing. CR Dkt. Nos. 156, 187. The Court overruled both of the objections. CR Dkt. No. 187, pp. 3-6.

Once again, the fact that the objection was overruled does not constitute ineffective lawyering. Chandler, 218 F.3d at 1314. These claims are meritless and should be denied.

### E. PSR Contents

Ochoa asserts that his counsel was ineffective for failing to seek to have evidence of his cooperation excised from the PSR, because such statements have put him in danger. This claim is not cognizable under § 2255. Even if cognizable in the current posture, Ochoa has not shown that his constitutional rights were violated for which reason this claim should be denied.

The Federal Rules of Criminal Procedure provide that the pre-sentence report "must exclude" any information, "that, if disclosed, might result in physical or other harm to the defendant or others." FED. R. CRIM. P. 32(d)(3)(C). Ochoa claims that any references to his cooperation with the Government should have fallen under this exception, because he has been assaulted in prison because of those statements.

The Court first notes that there is no evidence in the record that the PSR has ever been made public to third parties. See U.S. v. Huckaby, 43 F.3d 135, 137 (5th Cir. 1995) (discussing factors to be considered when disclosing PSR to third parties).

Even if the Court assumes that Ochoa's claims are true – and that this is the type of

11

information that should have been excised – it is not cognizable on habeas review under section 2255.  Such habeas review is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  Ochoa has not shown that the purported inclusion of the information, regarding his cooperation with the Government, violated his constitutional rights. Furthermore, Ochoa has not shown that any error by the Court in keeping this information in the PSR prejudiced or violated his constitutional rights. See U.S. v. Nappi, 243 F.3d 758, 760 (3d Cir. 2001) (defendant must show that any violations of Rule 32 impacted his substantial rights).  This claim should be denied.

## IV.  Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Ricardo Ochoa's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DISMISSED** as waived.  Alternatively, the motion should be **DENIED** as meritless.

The Government's motion for summary judgment should be **GRANTED**. Dkt. No. 11.

### A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898

12

(5th Cir. 2000).

After reviewing Ochoa's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Ochoa's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on December 16, 2016.

Ronald G. Morgan
United States Magistrate Judge